UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN MILNER,
    *Plaintiff*,

v.

BOARD OF PARDONS AND PAROLES,
*et al.*,
    *Defendants*.

No. 3:18-cv-01119 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Shawn Milner is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against the Board of Pardons and Paroles, as well as several parole officers and parole hearing officers, including Kendell Howlett, Jason Bedard, Steve Noto, Carleton Giles, and John Does 1, 2, and 3. After an initial review, I will dismiss the complaint.

## BACKGROUND

In July of 2015, plaintiff was living in the Maple Street halfway house in Bridgeport, Connecticut. On July 7, 2015, as plaintiff was signing out of the house to go to work, the director of the residence requested that plaintiff report to her office. When plaintiff arrived at the office, he was asked to close the door and sit down. Shortly thereafter, defendant Howlett and several other parole officers entered the office and placed him in handcuffs. Plaintiff asked Howlett why he was being handcuffed, and Howlett responded that plaintiff had "violated program provisions" by receiving phone calls from other inmates. Plaintiff argued that there was no such provision forbidding receiving calls from inmates, but Howlett dismissed his argument and stated that she was taking him back to jail and giving him a ticket. Doc. #1 at 11 (¶¶ 8–11).

1

Plaintiff was then placed in a parole vehicle and brought to Bridgeport Correctional Center. After being admitted and processed, plaintiff received an inmate handbook. Soon thereafter, he was interviewed by a disciplinary report officer, who affirmed that there were no rules prohibiting inmates from calling each other. *Id.* at 11–12 (¶¶ 12–13).

After a three-week investigation, the report issued by Howlett was dismissed. Plaintiff's family then called defendants Bedard and Noto, Howlett's supervisors, and asked that plaintiff be immediately released from custody. Both defendants refused to release plaintiff despite the dismissal of the disciplinary report. Plaintiff wrote to defendant Giles, the chairperson of the Board of Pardons and Paroles, and notified him that he was being falsely detained, but Giles never responded to plaintiff's letter or took any corrective action. *Id.* at 12 (¶¶ 14–15)

In September of 2015, defendants Doe 1, 2, and 3—all members of the parole board—held a rescission hearing in plaintiff's case. Plaintiff informed these defendants that the report which caused his re-incarceration had been dismissed because there were no agency rules prohibiting telephone communications between inmates. Plaintiff requested that he be released immediately because the only basis Howlett had for re-incarcerating plaintiff was the dismissed ticket. He requested to present witnesses in support of his position, but defendants refused. Instead, they sentenced plaintiff to four months of incarceration. As a result, plaintiff lost his job and suffered emotional distress. *Id.* at 13–14 (¶¶ 16–20).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Claims against the Board of Pardons and Paroles*

I will dismiss plaintiff's claim against the Board of Pardons and Paroles because a state agency like the Board of Pardons and Paroles is not a person subject to suit for money damages under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hannon v. Bd. of Pardons & Paroles*, 2015 WL 3849474, at *2 (D. Conn. 2015). Although plaintiff also seeks injunctive relief in the nature of "jail credit for each day he was falsely incarcerated," Doc. #1 at 17, this request for injunctive relief from a state agency or official is not cognizable consistent with the Eleventh Amendment absent an allegation of an *ongoing* constitutional violation. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 536 U.S. 247, 254 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

3

*Claims against Parole Board Members*

The complaint names as defendants three anonymous members of the Board of Pardons and Paroles who conducted plaintiff's rescission hearing in September of 2015. Parole board members have absolute immunity against § 1983 actions when performing the quasi-judicial role of presiding over violation hearings. *See Montero v. Travis*, 171 F.3d 757, 760–61 (2d Cir. 1999). Accordingly, I will dismiss plaintiff's claims against the three John Doe defendants.

*Claims against supervisory officials*

Plaintiff's claim against Chairperson Giles rests solely on his lack of a response to plaintiff's letter detailing his complaints. But plaintiff has failed to allege sufficient facts to show that Giles was personally involved in any deprivation of plaintiff's constitutional rights. *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that "liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant."). "Courts have held that [a] failure to respond to a letter of complaint does not constitute the personal involvement necessary to maintain a section 1983 claim." *Richardson v. Dep't of Corr.*, 2011 WL 710617, at *3 (S.D.N.Y. 2011). Accordingly, I will dismiss all claims against Giles.

*Heck v. Humphrey*

Plaintiff otherwise alleges that his reincarceration and "sentence" for a period of four months was a violation of his constitutional rights. The Supreme Court has held that, if a determination favorable to a plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence," a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The reason for this rule is to ensure that

prisoners do not use federal lawsuits under § 1983 to circumvent ordinary state procedures for challenging a conviction or sentence by means of an appeal or petition for writ of habeas corpus.

This limitation on the use of § 1983 has been extended by the Supreme Court to actions that challenge prison disciplinary proceedings affecting the duration of confinement. *See Edwards v. Balisok*, 520 U.S. 641, 647–48 (1997) (applying *Heck v. Humphrey* to bar damages action that would imply the invalidity of prison's deprivation of good-time credits). Thus, as the Supreme Court has explained, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see also Lee v. Donnaruma*, 63 F. App'x 39, 40–41 (2d Cir. 2003) (applying *Heck v. Humphrey* to bar challenge to parole revocation).

Here, plaintiff's § 1983 claim would necessarily imply the invalidity of the duration of his confinement for the four months that he was subject to re-incarceration from a halfway house to a jail. Plaintiff does not allege that he has secured a declaration of invalidity by means of a state court appeal or by means of a petition for writ of habeas corpus in Connecticut state court. He instead appears to ask this Court to be the first tribunal to declare the invalidity of his four-month sentence, which the rule of *Heck v. Humphrey* does not permit me to do.[1]

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED without prejudice to re-

---

[1] The complaint alleges without detail that plaintiff has exhausted administrative remedies. If in fact he has obtained a ruling or declaration of invalidity for his re-incarceration, then plaintiff may promptly move within 30 days to re-open this case.

filing and reconsideration in the event that plaintiff secures a declaration of invalidity of his re-incarceration from a state court or the Board of Pardons and Paroles.

It is so ordered.

Dated at New Haven this 6th day of August 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge